**UNITED STATES DISTRICT COURT**

**NORTHERN DISTRICT OF GEORGIA**

**ATLANTA DIVISION**

Jermaine Ricardo Williams,

Plaintiff,

v.

U.S. Department of Homeland Security; U.S. Customs and Border Protection; Markwayne Mullin, SECRETARY, U.S. DEPARTMENT OF HOMELAND SECURITY, in his official capacity;

Rodney S. Scott, COMMISSIONER OF U.S. CUSTOMS AND BORDER PROTECTION, in his official capacity

Defendants.

**COMPLAINT FOR DECLARATORY AND INJUNCTIVE RELIEF**

**Civil Action No.___________.**

## COMPLAINT FOR DECLARATORY AND INJUNCTIVE RELIEF

Plaintiff Jermaine Ricardo Williams, by and through undersigned counsel, brings this action against Defendants U.S. Department of Homeland Security ("DHS"), U.S. Customs and Border Protection ("CBP"), Markwayne Mullin, in his official capacity as Secretary of DHS, and Rodney S. Scott, in his official capacity as Commissioner of CBP (collectively, "Defendants"), and alleges as follows:

## NATURE OF THE ACTION

**1.** This is an action for judicial review under the Administrative Procedure Act ("APA"), 5 U.S.C. §§ 701–706, of a final agency decision imposing a civil monetary penalty of $1,820,352.00 against Plaintiff pursuant to Section 274D of the Immigration and Nationality Act ("INA"), 8 U.S.C. § 1324d.

**2.** Defendants' decision rests on a demonstrably incorrect factual premise regarding the operative date of Plaintiff's removal order, is unsupported by any evidence that Plaintiff "willfully failed or refused" to depart the United States within the meaning of INA § 274D, and reflects no individualized exercise of the discretion Congress delegated to the agency in setting the amount of the penalty. Defendants' decision is therefore arbitrary, capricious, an abuse of

discretion, and otherwise not in accordance with law, in violation of 5 U.S.C. § 706(2)(A).

**3.** Defendants' decision also violates Plaintiff's rights under the Due Process Clause of the Fifth Amendment and the Excessive Fines Clause of the Eighth Amendment to the United States Constitution.

**4.** Plaintiff seeks a declaration that Defendants' decision is unlawful, an order vacating and setting aside the decision and the civil penalty imposed thereunder, and injunctive relief prohibiting Defendants from collecting, enforcing, or referring for collection the civil penalty pending resolution of this action and any further agency proceedings.

## JURISDICTION AND VENUE

**5.** This Court has subject matter jurisdiction under 28 U.S.C. § 1331 because this action arises under the laws of the United States, including the APA, 5 U.S.C. §§ 701–706, and the INA, 8 U.S.C. § 1324d.

**6.** This Court may grant the requested declaratory and injunctive relief pursuant to 28 U.S.C. §§ 2201–2202 and 5 U.S.C. § 705.

**7.** Venue is proper in this district under 28 U.S.C. § 1391(e)(1) because Plaintiff resides in Woodstock, Cherokee County, Georgia, which lies within the Northern District of Georgia, and no real property is involved in this action.

**8.** Defendants' decision constitutes final agency action within the meaning of 5 U.S.C. § 704. Under 8 C.F.R. § 281.1(e)(2) and (4), the August 4, 2026 Appeal Decision and Order is the final agency decision on Plaintiff's civil penalty, is not subject to further administrative appeal, and is therefore ripe for judicial review.

## PARTIES

**9.** Plaintiff Jermaine Ricardo Williams is a native and citizen of Jamaica who resides at 509 Oakwood Ct., Woodstock, Georgia 30188, within this district.

**10.** Defendant U.S. Department of Homeland Security is a cabinet-level agency of the United States government responsible for administering and enforcing the INA, including INA § 274D.

**11.** Defendant U.S. Customs and Border Protection is a component agency of DHS responsible for issuing the Notice of Violation and Order and the Appeal Decision and Order at issue in this action, and for referring the resulting civil penalty debt for collection.

**12.** Defendant Markwayne Mullin is the Secretary of DHS and is sued in his official capacity only.

**13.** Defendant Rodney S. Scott is the Commissioner of CBP and is sued in his official capacity only.

## STATUTORY AND REGULATORY BACKGROUND

**14.** INA § 274D(a), 8 U.S.C. § 1324d(a), authorizes DHS to impose a civil monetary penalty upon a noncitizen subject to a final order of removal who "willfully fails or refuses" to depart the United States pursuant to that order, willfully fails or refuses to make timely application in good faith for travel or other documents necessary for departure, or willfully fails or refuses to present for removal at the time and place required.

**15.** The statute authorizes a penalty of "not more than" a specified daily amount, conferring discretion on the agency to determine, based on the individual circumstances presented, whether a penalty is warranted and, if so, in what amount.

**16.** Under 8 C.F.R. § 281.1, DHS civil penalty proceedings are initiated by a Notice of Violation and Order, which may be appealed to a supervisory immigration officer within fifteen business days of service. Under 8 C.F.R. § 281.1(e)(2) and (4), the supervisory immigration officer's decision on appeal constitutes final agency action unless the Secretary of Homeland Security certifies the decision for further review.

**17.** The APA requires that a sanction may not be imposed by an agency "except on consideration of the whole record ... and supported by and in accordance with the reliable, probative, and substantial evidence." 5 U.S.C. § 556(d). A reviewing court must set aside agency action found to be "arbitrary, capricious, an abuse of discretion, or otherwise not in accordance with law." 5 U.S.C. § 706(2)(A).

## FACTUAL BACKGROUND

**18.** Plaintiff is a native and citizen of Jamaica who first entered the United States on or about April 24, 2002, and has resided continuously in the United States since that time.

**19.** Plaintiff married Ashley Veitch, a United States citizen, on June 13, 2013. They have two United States citizen daughters, Geneva (age 11) and Naevia (age 9).

**20.** Plaintiff was initially placed in removal proceedings after a marriage-based petition filed on his behalf by a prior spouse in 2004 was denied. On July 23, 2008, an Immigration Judge ordered Plaintiff removed to Jamaica.

**21.** Plaintiff timely appealed to the Board of Immigration Appeals ("BIA"), which, on March 16, 2010, remanded the matter to permit Plaintiff to apply for special rule cancellation of removal under INA § 240A(b)(2).

**22.** On July 11, 2011, the Immigration Judge denied the application for special rule cancellation of removal but granted Plaintiff voluntary departure with an alternate order of removal. Plaintiff again appealed.

**23.** On April 17, 2013, the BIA dismissed Plaintiff's appeal. Because the voluntary departure bond was not posted, the alternate order of removal became administratively operative on that date.

**24.** Following entry of the removal order, Plaintiff did not abscond, conceal his whereabouts, or otherwise attempt to evade immigration authorities. Plaintiff continued to reside at a known address, remained continuously employed under his own name, and continued to pursue lawful avenues of immigration relief.

**25.** On March 3, 2015, USCIS approved an immediate-relative Form I-130 petition filed on Plaintiff's behalf by his current United States citizen spouse.

**26.** On July 13, 2017, Plaintiff filed a Form I-212 application for permission to reapply for admission following removal. On August 6, 2019, USCIS approved the application (Receipt No. MSC1923450015), forwarding to the U.S. Embassy in Kingston, Jamaica for visa processing.

**27.** Between approximately 2023 and 2025, Plaintiff's counsel repeatedly requested that DHS/ICE exercise prosecutorial discretion and join a motion to reopen Plaintiff's removal proceedings. DHS never responded to, or otherwise denied, those requests.

**28.** On April 11, 2025, the National Visa Center notified Plaintiff that an immigrant visa number had become available to him.

**29.** At no time did DHS instruct Plaintiff to report for removal, direct him to obtain travel documents, schedule his removal, or otherwise request that he undertake any specific act related to his departure that he then refused.

**30.** On July 10, 2026, DHS issued a Notice of Violation and Order (File No. 099231797; Penalty Tracking No. C260129062) asserting that Plaintiff's removal order became final on May 27, 2016, and that Plaintiff willfully failed or refused to depart the United States, to make timely application for travel documents, and to present for removal, in violation of INA § 274D. The Notice of Violation and Order imposed a civil penalty of $1,820,352.00.

**31.** The May 27, 2016 date relied upon in the Notice of Violation and Order does not correspond to the entry or finality of any removal order. Rather, it is the date on which the BIA denied a later motion to reopen. The operative removal order became administratively final on April 17, 2013, when the BIA dismissed Plaintiff's direct appeal and the unposted voluntary departure bond caused the alternate removal order to take effect.

**32.** On or about July 24, 2026, Plaintiff, through counsel, timely filed a Notice of Appeal, together with a written brief and documentary evidence, denying the alleged violation and disputing both liability and the amount of the proposed penalty. The appeal materials identified the agency's factual error regarding the operative removal-order date, argued that the administrative

record contained no evidence of willful conduct within the meaning of INA § 274D, and argued that the proposed penalty was arbitrary, unsupported by any individualized assessment, and constitutionally excessive.

**33.** On August 4, 2026, DHS issued an Appeal Decision and Order affirming the Notice of Violation and Order and the $1,820,352.00 civil penalty in full, and dismissing Plaintiff's appeal. The Appeal Decision and Order states that there is no further appeal available and that it constitutes final agency action.

**34.** The Appeal Decision and Order does not correct, or otherwise address, the erroneous May 27, 2016 finality date identified in Plaintiff's appeal. It does not identify any evidence that Plaintiff was ever instructed to report for removal, obtain travel documents, or otherwise comply with a specific directive that he refused. It does not explain how the penalty amount was calculated, why the statutory maximum was selected, or whether DHS considered any of the individual circumstances presented, including Plaintiff's lack of any criminal history, his approved Form I-130, his approved Form I-212 application, his continuous employment, his United States citizen spouse and children, his spouse's documented disabilities, or his financial inability to pay any amount approaching the assessed penalty.

**35.** On August 21, 2026, Continental Service Group, LLC ("ConServe"), a private debt collection agency, sent Plaintiff a collection notice on behalf of CBP demanding payment of the full $1,820,352.00 penalty and stating that additional interest, penalties, and administrative costs continue to accrue.

**36.** Plaintiff is the sole financial provider for his household. His spouse, who has been diagnosed with fibromyalgia, ADHD, sleep apnea, and a cardiac arrhythmia, lost her employment in October 2025 due to her disabilities. Plaintiff earns approximately $2,500 to $3,000 per month after taxes. The assessed penalty vastly exceeds Plaintiff's ability to pay and, if collected, would impose severe and irreparable financial harm on Plaintiff and his United States citizen family.

## EXHAUSTION OF ADMINISTRATIVE REMEDIES

**37.** Plaintiff has exhausted all administrative remedies available to him. The August 4, 2026 Appeal Decision and Order constitutes final agency action under 8 C.F.R. § 281.1(e)(2) and (4) and 5 U.S.C. § 704, and no further administrative appeal is available to Plaintiff.

## COUNT I

## Violation of the Administrative Procedure Act, 5 U.S.C. § 706(2)(A) — Arbitrary and Capricious Agency Action Based on an Incorrect Factual Predicate

**38.** Plaintiff incorporates by reference the allegations in the preceding paragraphs.

**39.** Defendants' decision rests on the assertion that Plaintiff's removal order became final on May 27, 2016. That assertion is demonstrably incorrect. The operative removal order became administratively final on April 17, 2013, upon dismissal of Plaintiff's direct appeal by the BIA and the resulting lapse of the voluntary departure grant. May 27, 2016 reflects only the date on which the BIA denied a subsequent motion to reopen.

**40.** The erroneous finality date is central to Defendants' theory of liability. It necessarily affects Defendants' determination of when the alleged violation of INA § 274D commenced, the period over which any penalty could lawfully accrue, and the resulting penalty calculation.

**41.** An agency decision that rests upon a demonstrably incorrect factual premise, without explanation, is arbitrary, capricious, and not in accordance with law within the meaning of 5 U.S.C. § 706(2)(A).

**42.** Defendants' decision should therefore be vacated and set aside.

## COUNT II

### Violation of the Administrative Procedure Act, 5 U.S.C. § 706(2)(A) — Decision Unsupported by Substantial Evidence and Failure to Exercise Required Discretion

**43.** Plaintiff incorporates by reference the allegations in the preceding paragraphs.

**44.** INA § 274D imposes liability only where a noncitizen "willfully fails or refuses" to undertake specified conduct. The administrative record contains no evidence that Plaintiff was ever directed to report for removal, instructed to obtain travel documents, notified that travel arrangements had been made, or otherwise given any directive that he declined to follow. The record instead reflects a noncitizen who remained continuously employed, resided at a known address, and openly pursued lawful immigration relief for over a decade.

**45.** Defendants' decision infers willfulness solely from Plaintiff's continued presence in the United States following entry of a removal order. That inference is inconsistent with the plain text of INA § 274D, which requires proof of a deliberate rejection of a governmental directive, not mere continued presence.

**46.** The term "willfully" "is a 'word of many meanings whose construction is often dependent on the context in which it appears.'" Safeco Ins. Co. of Am. v. Burr, 551 U.S. 47, 57 (2007). "In common usage the word 'willful' is considered synonymous with such words as 'voluntary,' 'deliberate,' and 'intentional.'" McLaughlin v. Richland Shoe Co., 486 U.S. 128, 133 (1988). Where willfulness serves as a prerequisite to a civil sanction, the government must show, at minimum, that the defendant knew of a legal duty and voluntarily and intentionally violated it, or acted with reckless disregard of that duty. See Cheek v. United States, 498 U.S. 192, 201 (1991); Ratzlaf v. United States, 510 U.S. 135, 138 (1994); United States v. Reyes, No. 24-2333, slip op. at 2 (2d Cir. Jan. 7, 2026) (civil willfulness under an analogous federal penalty statute encompasses, at most, reckless conduct, and does not extend to mere inaction). This standard is consistent with the Supreme Court's construction of the identical "willfully fails or refuses" language used in the predecessor failure-to-depart statute, former Section 20(c) of the Immigration Act of 1917, as amended, 8 U.S.C. § 156(c), which the Court equated with a "bad purpose." Heikkinen v. United States, 355 U.S. 273, 279 (1958); see also United States v. Spector, 343 U.S. 169, 169-70 (1952) (construing the identical "willfully fail or refuse to make timely application in good faith for

travel or other documents necessary to his departure" language in that predecessor statute).

**47.** Measured against that standard, the administrative record here falls far short even of recklessness, let alone deliberate or intentional conduct. Plaintiff was never given notice of any duty to report for removal, obtain travel documents, or otherwise act, and cannot have recklessly disregarded a duty of which he was never informed. Defendants' decision therefore fails to satisfy the willfulness element under any formulation of that term.

**48.** In addition, INA § 274D authorizes a penalty of "not more than" the statutory daily maximum, conferring discretion on the agency to determine the appropriate amount based on the individual facts presented. Defendants' decision contains no discussion of Plaintiff's individual circumstances, including his lack of criminal history, his approved Form I-130 petition, his approved Form I-212 application, his continuous employment, his United States citizen spouse and children, or his financial inability to pay the assessed amount, and does not explain why the statutory maximum penalty was appropriate in this case.

**49.** Because Defendants failed to identify reliable, probative, and substantial evidence supporting the elements of liability under INA § 274D, and failed to exercise the individualized discretion Congress required in setting the penalty amount, Defendants' decision is arbitrary, capricious, an abuse of discretion, and not in accordance with law within the meaning of 5 U.S.C. § 706(2)(A).

**50.** Defendants' decision should therefore be vacated and set aside, or, in the alternative, remanded to the agency for a lawful exercise of the discretion required by statute.

## COUNT III

### Violation of the Fifth Amendment Due Process Clause

**51.** Plaintiff incorporates by reference the allegations in the preceding paragraphs.

**52.** The Fifth Amendment prohibits the deprivation of property without due process of law. A civil penalty exceeding $1.8 million implicates a substantial property interest requiring meaningful procedural protection.

**53.** Defendants' decision fails to provide adequate notice of the factual basis for the penalty, relies on an incorrect operative removal-order date, provides no explanation of when the alleged violation began or how long it

continued, and identifies no evidence supporting the calculation of the assessed amount.

**54.** The administrative review afforded to Plaintiff was conducted by a supervisory immigration officer within the same agency that issued the underlying decision, and civil penalties collected under INA § 274D benefit DHS's own enforcement activities, raising a substantial risk of erroneous deprivation without an independent check.

**55.** Application of the balancing framework set forth in Mathews v. Eldridge, 424 U.S. 319 (1976), demonstrates that the private interest at stake is extraordinary, the risk of erroneous deprivation is substantial given the deficiencies described above, and the government's interest in dispensing with additional procedural safeguards is minimal.

**56.** Defendants' decision therefore violates the Due Process Clause of the Fifth Amendment.

## COUNT IV

### Violation of the Eighth Amendment Excessive Fines Clause

**57.** Plaintiff incorporates by reference the allegations in the preceding paragraphs.

**58.** The Eighth Amendment prohibits the imposition of excessive fines. A civil sanction violates the Excessive Fines Clause where it is punitive and grossly disproportionate to the gravity of the underlying offense. United States v. Bajakajian, 524 U.S. 321 (1998).

**59.** The civil penalty authorized under INA § 274D is punitive in nature and constitutes a "fine" within the meaning of the Eighth Amendment.

**60.** The $1,820,352.00 penalty imposed on Plaintiff is grossly disproportionate to the alleged misconduct. Defendants identify no aggravating circumstances, no criminal conduct, no fraud, and no harm to the government. Defendants' decision does not acknowledge Plaintiff's lack of criminal history, his approved I-130 petition, his approved I-212 application, his continuous employment, his role as sole provider for his United States citizen family, or his documented inability to pay any amount approaching the assessed penalty.

**61.** The penalty imposed would effectively destroy Plaintiff's financial future and that of his United States citizen family while bearing no discernible relationship to the gravity of the alleged violation.

**62.** Defendants' decision therefore violates the Excessive Fines Clause of the Eighth Amendment.

## PRAYER FOR RELIEF

WHEREFORE, Plaintiff respectfully requests that this Court:

a. Declare that Defendants' August 4, 2026 Appeal Decision and Order, and the underlying July 10, 2026 Notice of Violation and Order, are unlawful under 5 U.S.C. § 706(2)(A) and the Fifth and Eighth Amendments to the United States Constitution;

b. Vacate and set aside Defendants' decision and the $1,820,352.00 civil penalty imposed thereunder in its entirety, or, in the alternative, remand the matter to DHS for further proceedings consistent with the Court's ruling;

c. Enter a preliminary and permanent injunction enjoining Defendants, their officers, agents, and any collection agency acting on their behalf, from collecting, enforcing, or continuing to refer for collection the civil penalty at issue pending resolution of this action and any further agency proceedings on remand;

d. Award Plaintiff his reasonable attorneys' fees and costs pursuant to the Equal Access to Justice Act, 28 U.S.C. § 2412; and

e. Grant such other and further relief as this Court deems just and proper.

Respectfully submitted this 2nd day of September, 2026.

**/s/ Tracie L. Morgan**

Tracie L. Morgan (GA 411089)
Hope Immigration, LLC.
2110 Powers Ferry Road, Ste 310
Atlanta, GA 30339
678-713-4255
tracie@hopeimmigration.com
*Counsel for Plaintiff*